DIANE M. LUCAS, P.C.
Diane M. Lucas, SBA #012957 (diane@dianemlucaspc.com)
Michael S. Ferraro, SBA #017223 (mike@dianemlucaspc.com)
2901 North Central Avenue, Suite 1120
Phoenix, Arizona 85012
Telephone:  602-264-0085
Facsimile:   602-264-0089
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | Case No.: |
| Plaintiff, | **COMPLAINT** <br> **(Breach of Contract)** |
| v. | |
| CONI REBARCAK AND JEFF REBARCAK, husband and wife, individually and d/b/a/ R3 Holdings, LLC, a Colorado Limited Liability Company, ABC Corporations I-100, XYZ Partnerships I-100-, and Defendants Doe 1-10. | |
| Defendants. | |

For its Complaint against Defendants, Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm"), by undersigned counsel, alleges as follows:

GENERAL ALLEGATIONS

1.     Plaintiff is an insurance company that is licensed to and does business in Arizona.  It provides automobile insurance to residents of Arizona, and pursuant to the terms of those policies, pays medical claims incurred by its Insureds and by others to whom Plaintiff's Insureds are liable.

2. Defendants REBARCAK currently reside in Illinois.

3. Corporate Defendant R3 Holding, LLC is believed to be a Colorado corporation owned and operated by Defendant Jeffrey Rebarcak.

4. Defendants REBARCAK are the agents, officers, directors, operators and/or owners or former owners of, and do business under the names of R3 Holdings, LLC, a Colorado corporation, and are believed to currently be doing business in the State of Illinois under an unknown business name.

5. The identity, capacity, and involvement of the fictitiously named defendants are presently unknown, but same will be designated when ascertained.

6. The defendants, and each of them, caused the events out of which this lawsuit arises to occur in the State of Arizona.

7. This Court has jurisdiction over the parties because some parties reside or do business in the State of Arizona, out of which this lawsuit arises, and the Defendants caused an act to occur in Arizona, and/or diversity exists.

8. The jurisdictional amount for filing this action in Arizona Distinct Court is satisfied.

9. Venue is proper pursuant to ARS ¶12-401.

10. The contract at issue in this breach of contract action provides that any action arising out of the Settlement Agreement and Mutual Release of Claims (hereinafter "Settlement Agreement") be brought in the appropriate forum in the State of Arizona. *See Settlement Agreement attached hereto as Exhibit 1.*

11. All of the individual defendants were acting on behalf of their respective marital communities, if any.

12. In 2006, and as a result of Defendants' wrongful activities, Plaintiff brought a lawsuit against Defendants Rebarcak and others, known as case CV C2006-1188, filed in Pima County Superior Court.

13. At the resolution of said lawsuit, Defendants Rebarcak individually and as officers or agents of the corporations or entities named in CV C2006-1188, entered into a Settlement Agreement with Plaintiff, which was executed by Defendants Rebarcak and Plaintiff State Farm.

14. Defendants and each of them, either individually and/or on behalf of their corporate entities signed said Settlement Agreement knowingly and voluntarily with independent legal advice of their own choosing.

15. Under the terms of the Settlement Agreement, Defendants Rebarcak agreed to pay Plaintiff the sum of $640,000.00 at 5% interest compounded.

16. The sum of $640,000.00 at 5% interest was to be paid as follows:

Payment of $5,000.00 per month for 44 months starting August 1, 2008;

Payment of $10,000.00 per month for 24 months starting January 1, 2012;

Payment of $15,000.00 per month until the principal is paid in full starting January 1, 2014; and

Payment of $15,000.00 per month of the accrued interest until paid in full.

17. Defendants Rebarcak also signed two separate accompanying promissory notes (hereinafter "Notes") in the amounts of $640,000.00 and $39,000.00 with real estate to secure $500,000.00 of the notes in conjunction with said Settlement Agreement. *See Notes attached hereto as Exhibits 2 and 3 respectively.*

18. Each Promissory Note is secured by Deeds of Trust or mortgages encumbering certain real property as described therein. *See Deeds of Trust attached hereto as Exhibits 4 and 5 respectively*.

### BREACH OF CONTRACT

19. Plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

20. Although Plaintiff Jeffrey Rebarcak made some payments to State Farm, no payments have been made to or received by State Farm since 7/07/09 (payment made for June 2009). Defendants have failed to continue to make the payments to State Farm as required under the terms of the Settlement Agreement and have failed to make interest payments and late fee payments as required by the Agreement.

21. Pursuant to the terms of the acceleration clause in the Deeds of Trust signed by the Rebarcak Defendants, upon Borrower's (Rebarcak Defendants dba R3 Holdings, LLC.) breach of any covenant or agreement of Borrower under the terms in the Deeds of Trust, at Lender's (State Farm) option, all of the sums secured by said Deeds of Trust shall be immediately due and payable.

22. Pursuant to the terms of the acceleration clause in the Deeds of Trust signed by the Rebarcak Defendants, State Farm is entitled to collect all reasonable fees and expenses incurred in pursuing the remedies provided in the Deeds of Trust, including but not limited to reasonable attorney's fees.

23. The Defendants acted or contributed to act in such manner as to materially breach the Settlement Agreement by failing to timely and properly make the payments required under said Agreement.

24.     Plaintiff has provided Defendants Rebarcak with notice of their failure to make timely payments as required by the Settlement Agreement and on several occasions has provided Defendants with options to cure; Defendants have failed to exercise such options.

25.     As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has incurred substantial special and general damages, including attorney's fees and costs, and is still owed substantial payment under the terms of the Settlement Agreement.

WHEREFORE, Plaintiff prays and demands judgment against Defendants, each of them and jointly and severally, as follows:

1. For compensatory damages for the claimed benefits owing under the subject Agreement, damages for loss of use of benefits, and other contract and tort general and special damages in a sum to be proven at trial;

2. For reasonable attorneys fees pursuant to Arizona Revised Statutes ¶12 – 341.01(A);

3. For pre-judgment interest;

4. For costs of suit incurred herein;

5. For any other forms of relief supported by the terms of the Settlement Agreement and/or Promissory Notes and or Deeds of Trust; and

6. For such other relief as the Court deems just and proper.

DATED this 7th day of October, 2010.

/s/ Diane M. Lucas
Diane M. Lucas, Esq.
Michael S. Ferraro, Esq.
DIANE M. LUCAS, P.C.
2901 N. Central Ave., Suite 1120
Phoenix, Arizona 85012-0001
Attorney for Plaintiff
